J-A01048-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KERRY JOSEPH REIGLE, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DARLENE J. FELTY | : | |
| | : | |
| Appellee | : | No. 1252 MDA 2021 |

Appeal from the Order Entered September 13, 2021
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2015-20186

BEFORE: LAZARUS, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                **FILED: FEBRUARY 23, 2022**

Appellant, Kerry Joseph Reigle, Jr. ("Father") appeals from the order entered in the Lebanon County Court of Common Pleas, denying his request for relocation regarding the parties' minor child, R.R. ("Child"). We affirm.

The relevant facts and procedural history of this case are as follows. Darlene J. Felty ("Mother") and Father share legal and physical custody of Child. Child stays with Father on Mondays and Tuesdays, with Mother on Wednesdays and Thursdays, and alternates weekends between the two homes. Child has been attending school in the Northern Lebanon school district his entire life. Both Father and Mother lived within the Northern Lebanon school district until 2020. In May 2020, Father's wife moved to Elizabethtown to enroll her children in the Elizabethtown school district. Consequently, Father lived separately from his wife and stepchildren for a

period of time.

In June 2020, Father filed a notice of relocation so that Child could reside in the Elizabethtown school district. Father later modified his relocation request to the Palmyra school district because it was located between the Northern Lebanon and Elizabethtown area. The trial court denied the request finding that Father had not provided proper notice of the proposed relocation to Palmyra to allow Mother the opportunity to object or agree. In September 2020, Father filed a second notice of relocation to transfer Child to the Palmyra school district. The trial court denied Father's request finding that it was not in Child's best interest to remove Child from the school district he was familiar with in the middle of the school year.

Father subsequently moved to Elizabethtown to live with his wife and stepchildren. Child remained in the Northern Lebanon school district and Father drove Child approximately 45 minutes to school on the days that Child stayed with him. On May 3, 2021, Father filed the instant notice of relocation requesting that Child be relocated to the Elizabethtown school district.

The trial court held a hearing on the matter on September 9, 2021. At Father's request, the court appointed Frederick Long, Esquire as guardian *ad litem*. Mr. Long interviewed Child, Mother, and Father and submitted a report for the court's consideration. Mr. Long recommended that the court grant Father's petition to relocate Child to the Elizabethtown school district. Even though Father did not request a change in the custody schedule, Mr. Long

further recommended that Father be granted primary physical custody of Child during the school week. Mr. Long testified that his conclusion was based on concerns about Mother's work schedule which required her to work on evenings when Child was in her custody. Mr. Long also raised concerns over Child's living conditions at Mother's house because Child was often displaced from his room for extended periods of time when Mother's brother came to visit. Further, Mr. Long noted that the Elizabethtown school district was rated stronger than the Northern Lebanon school district in reading proficiency and math proficiency on USnews.com. Upon further questioning, Mr. Long clarified that he did not believe that the Northern Lebanon school district was substandard but merely that the Elizabethtown school district was rated higher in certain areas.

Father testified that Child struggled in school while in the Northern Lebanon school district, particularly with reading comprehension. Child's older brother dropped out of school and Father expressed concern that Child would follow the same path if he continued to struggle in his studies. Father found the level of additional educational support offered at Child's school in Northern Lebanon to be inadequate. Because of this, Father hired a private tutor who worked with Child until the Covid-19 pandemic began. Father did not seek out a new tutor after this point. Father stated that the middle school in Elizabethtown would offer Child more one-on-one educational support. Father testified that Child has a bedroom to himself at his house in Elizabethtown.

Father further indicated that he has a flexible work schedule which largely allows him to be home when Child is not at school. Father also noted several community programs in Elizabethtown that he believed Child would enjoy.

Mother testified that she works as a manager at Friendly's. Mother admitted that she was previously required to work some evening shifts on the nights that Child stayed with her because of staff shortages. However, Mother recently moved to a new location where she works 10:00 a.m. to 5:00 p.m. and expected to shift to the 7:00 a.m. to 3:00 p.m. shift once the location begins to serve breakfast on October 4, 2021. Mother reported that Child has always had his own bedroom at her residence. Mother stated that when her brother came to visit from Ohio, Child slept on an air mattress in Mother's room. Mother's brother subsequently decided to permanently move into Mother's residence and has set up a bedroom in the basement of the house. Since then, Child has regularly slept in his bedroom.

Mother testified that Child received individualized educational support from the elementary school he attended in Northern Lebanon. Mother indicated that she reached out to the middle school Child recently began attending and a counselor at the school will meet with Child to assess his educational needs and plan accordingly. Mother often works with Child to help him complete homework. In addition, Child's receives additional educational support at Mother's home from his cousin who is a year ahead of him in school. Mother reports that Child has an extremely close relationship with this cousin,

and they work very well together. Mother expressed concern that if the schools in Elizabethtown are more advanced in their curriculum, Child might fall further behind in his studies if he were to transfer there. Mother noted that Child has many friends at school and participates in extracurricular activities such as wrestling and flag football. Mother testified that Child is very happy at his current school and is distressed at the thought of leaving.

Child, who was 11 years old at the time of the hearing, testified that he would prefer to remain at his current school because he is familiar with the teachers and curriculum. Child testified that he has many friends at his current school but did not know many kids in Father's neighborhood. Child also expressed an interest in spending more time at Mother's house because he has more friends in the neighborhood, including his cousin with whom he is very close. Child further stated that he receives more help with his homework from Mother and his cousin than Father.

After considering all the evidence, the trial court denied Father's petition for relocation on September 13, 2021. Father timely filed a notice of appeal and contemporaneous statement of errors complained of on appeal on September 27, 2021.

Father raises the following issues for our review:

> Did the trial court err as a matter of law and/or abuse its discretion when it denied Father's petition for relocation based upon findings of fact unsupported by the record?
>
> Did the trial court fail to adequately consider the opinion of the court-appointed Guardian *ad Litem*?

- 5 -

(Father's Brief at 4).

In his two issues, Father argues that "the trial court improperly found that Father's relocation request was motivated in large part by being tired of driving from Elizabethtown to Northern Lebanon." (*Id.* at 12). Father contends that Child struggled in his studies while attending school in the Northern Lebanon school district and would fare better in the Elizabethtown school district. Father maintains that he provided all transportation for custody exchanges and offered to continue doing so if the relocation request was granted to maintain the status quo and preserve Mother's relationship with Child. Father also claims that "the trial court failed to afford sufficient weight to the opinion of the guardian *ad litem*…." (*Id.* at 13). Father concludes that the court erred by disregarding the recommendations of the guardian *ad litem* and drawing conclusions that were unsupported by the record, and this Court must reverse the order denying his relocation request. We disagree.

In reviewing a child custody order:

> [O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the

trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

**S.J.S. v. M.J.S.**, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation omitted).

The Custody Act defines "relocation" as "[a] change in residence of the child which significantly impairs the ability of a nonrelocating party to exercise custodial rights." 23 Pa.C.S.A. § 5322(a). Section 5337 governs a court's consideration of a request for relocation as follows:

**§ 5337. Relocation**

**(a)** **Applicability.**—This section applies to any proposed relocation.

**(b)** **General rule.**—No relocation shall occur unless:

(1) every individual who has custody rights to the child consents to the proposed relocation; or

(2) the court approves the proposed relocation.

\* \* \*

**(h)** **Relocation factors.—**In determining whether to grant a proposed relocation, the court shall consider the following factors, giving weighted consideration to those factors which affect the safety of the child:

(1) The nature, quality, extent of involvement and duration of the child's relationship with the party proposing to relocate and with the nonrelocating party, siblings and other significant persons in the child's life.

(2) The age, developmental stage, needs of the child and the likely impact the relocation will have

- 7 -

on the child's physical, educational and emotional development, taking into consideration any special needs of the child.

(3)  The feasibility of preserving the relationship between the nonrelocating party and the child through suitable custody arrangements, considering the logistics and financial circumstances of the parties.

(4)  The child's preference, taking into consideration the age and maturity of the child.

(5)  Whether there is an established pattern of conduct of either party to promote or thwart the relationship of the child and the other party.

(6)  Whether the relocation will enhance the general quality of life for the party seeking the relocation, including, but not limited to, financial or emotional benefit or educational opportunity.

(7)  Whether the relocation will enhance the general quality of life for the child, including, but not limited to, financial or emotional benefit or educational opportunity.

(8)  The reasons and motivation of each party for seeking or opposing the relocation.

(9)  The present and past abuse committed by a party or member of the party's household and whether there is a continued risk of harm to the child or an abused party.

(10)  Any other factor affecting the best interest of the child.

23 Pa.C.S.A. § 5337(a)–(b), (h).  Moreover,

[T]he party proposing relocation…bears the burden of proving relocation will serve the children's best interests. *See* 23 Pa.C.S.A. § 5337(i).  Each party, however, has the burden of establishing "the integrity of that party's motives

in either seeking the relocation or seeking to prevent the relocation." 23 Pa.C.S.A. 5337(i)(2).

**S.J.S., supra** at 551. In these proceedings:

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

**R.M.G., Jr. v. F.M.G.**, 986 A.2d 1234, 1237 (Pa.Super. 2009) (internal citations omitted).

Instantly, the court considered all relocation factors, including the motives of both parties in seeking and opposing relocation. (**See** Trial Court Opinion, filed October 6, 2021, at 3-7). Specifically, the court found that relocation would negatively impact Child's educational and emotional development. The court was not convinced that Child would perform better academically in Elizabethtown than in Northern Lebanon. Both the Northern Lebanon and Elizabethtown schools have similar systems in place to provide additional educational support to Child in the areas where he struggles. Further, Child is familiar and comfortable with the teaching style and curriculum at Northern Lebanon since he has attended school in this district for his entire life. Additionally, the court found that Child has many friends at

his current school and these friendships would be negatively impacted if relocation was granted.

The court also gave weight to Child's preference, stating:

> During trial the [C]hild calmly, respectfully, and intelligently stated his preference in regards to relocation. Child was clear in his desire to remain at Northern Lebanon, citing his own comfort with a familiar location among friends, teachers, and other school personnel. The Child had nothing negative to say about Elizabethtown, simply that he is not comfortable with an unknown school and town. The [c]ourt feels that in this matter Child's testimony is extremely telling in how the [c]ourt should rule in this instance.

(Trial Court Opinion at 5).

Additionally, the court noted that Father has filed three relocation petitions since 2020 requesting to transfer Child to two separate school districts. As such, the court expressed concern that Father's motivation to relocate Child is based on the distance between Child's school and Father's home rather than Child's educational needs. The record supports the court's findings. As the court properly considered the factors articulated in Section 5337(h), we see no reason to disturb the court's decision that Father failed to meet his burden to prove that relocation would best serve Child's interests. *See S.J.S., supra*.

Finally, Father's assertion that the court did not give adequate weight to the report of the guardian *ad litem* is without merit. The record demonstrates the court carefully considered the report, where the court stated: "Attorney Long, I read your report and I want to thank you because you did a very thorough job." (N.T. Relocation Hearing, 9/9/21, at 30). The

- 10 -

court observed that two big factors which led to the guardian *ad litem*'s recommendations were Mother's work schedule and the availability of Child's bedroom at Mother's house. Both of these concerns had been remedied by Mother prior to the hearing. As such, the court ultimately decided to rule differently than what was recommended in the report after taking into consideration all the evidence presented. It is within the province of the trial court to assign weight to the evidence presented and we decline Father's invitation to reweigh the evidence in his favor. **See R.M.G., Jr., supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/23/2022